IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | 8:13CR104 |
| vs. | | |
| JASON FLANARY, | | |
| Defendant. | | |
| UNITED STATES OF AMERICA, | | 8:13CR105 |
| Plaintiff, | | |
| vs. | | |
| TIMOTHY DEFOGGI, and ZACKARY AUSTIN, | | |
| Defendants. | | |
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | 8:13CR106 |
| vs. | | |
| RUSSELL GLENN PIERCE, DAVID WILLIAM PEER, JOHN DOE # 3, JOHN DOE # 4, JOHN DOE # 5, JOHN DOE # 6, JOSHUA WELCH, and THOMAS SPENCER, | | |
| Defendants. | | |
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | 8:13CR107 |
| vs. | | |
| JOHN DOE # 1, JOHN DOE # 2, JOHN DOE # 3, | | |

| | |
|---|---|
| **VINCENT DIBERARDINO,**<br>**JOHN DOE # 5,**<br>**MICHAEL HUYCK,**<br>**JOHN DOE # 7,**<br>**JOHN DOE # 8,**<br>**BRANDON MOORE,**<br>**JOHN SEBES, and**<br>**GARY REIBERT,**<br>           **Defendants.** | |

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>           Plaintiff,<br>    vs.<br>**KIRK COTTOM,**<br>**JOHN DOE # 2, and**<br>**KEVIN M. PITMAN**<br>           **Defendants.** | 8:13CR108 |

## ORDER

On May 29, 2013, the court held a Rule 17.1 conference with counsel in the above-captioned cases. Some counsel were present in person and others participated by conference telephone. Since all of these cases involve the accessing of child pornography through "Website A" and the search and seizure of defendants' computers and electronic storage devices, the conference was held to review the status of discovery, including the status of the government's forensic analysis of the seized computers and electronic storage devices. Participating in the conference were the following:

| | |
|---|---|
| For the government: | Michael P. Norris, AUSA |
| | Keith A. Becker, Attorney DOJ (By Phone) |
| | Sarah Chang, Attorney DOJ (By Phone) |
| For Defendant Flanary: | Clarence E. Mock, III |
| For Defendant DeFoggi: | James M. Davis (By Phone) |
| For Defendant Austin: | Chad D. Primmer (By Phone) |
| For Defendant Pierce: | Joshua D. Rydell (By Phone) |

2

|  |  |
|---|---|
|  | Justin D. Eichmann |
| For Defendant Peer: | Glenn A. Shapiro |
| For Defednant Welch: | Wesley S. Dodge |
| For Defednant Spencer: | James J. Regan |
| For Defendant Diberardino: | Stuart J. Dornan |
| For Defendant Huyck: | Jerry M. Hug |
| For Defendant Moore: | Dana C. Bradford, III |
| For Defendant Sebes: | Adam L. Sodomsky (By Phone) |
| For Defendant Reibert: | John H. Rion |
| For Defendant Cottom: | Joseph F. Gross, Jr. |
| For Defendant Pitman: | Julie A. Frank |

Following a discussion with counsel regarding the extent of discovery, possible pretrial motions, the defense examination and analysis of computers and electronic storage devices, the court determined a target date of September 6, 2013, for pretrial motions.

**IT IS ORDERED**:

1. **Pretrial Motion Deadline**. If after compliance with Rule 16 there is necessity for the filing of pretrial motions, they shall be filed by **September 6, 2013**, and that time limit will not be extended by the court except for good cause shown. In this connection, the United States Attorney shall disclose ***Brady v. Maryland*** (and its progeny) material as soon as practicable. Should the defendants nonetheless file a motion for such disclosure, such motion shall state with specificity the material sought. In the event that any motions are filed seeking bills of particulars or discovery of facts, documents, or evidence, as part of the motion **the moving party shall** recite that counsel for the movant has conferred with opposing counsel regarding the subject of the motion in an attempt to reach agreement on the contested matters without the involvement of the court and that such attempts have been unsuccessful. The motion shall further state the dates and times of such conferences.

2.      **Motions**. If any pretrial motion is filed by either side, a copy thereof and the supporting brief required by the provisions of NECrimR 12.3(b)(1) shall be simultaneously filed. Opposing briefs shall be filed **within seven (7) days** thereafter. The filing of briefs may be delayed until after an evidentiary hearing on the motion **but only** upon a written request made within the original time to file a brief **and** upon order of the court.  Motions in limine addressed to matters at trial shall be filed no earlier than fourteen (14) days before a scheduled trial date, and no later than two (2) business days before trial.  Any motions filed outside this time period may be summarily denied.

3.      **Continuances**. Any motion for a continuance or an extension of deadlines shall set forth the reasons why the moving party believes that the additional time should be allowed by the court **and shall justify** the additional time with specific references to the appropriate provisions(s) of the Speedy Trial Act, 18 U.S.C. § 3161 et seq.  Any defense motion for continuance or extension of deadlines, whether of the trial date or otherwise, shall be supported by the **defendant's affidavit or declaration**, in compliance with **NECrimR 12.1(a)**.

4.      **Speedy Trial Act**.  Time under the Speedy Trial Act will be excluded from today until September 6, 2013.  The ends of justice will be served by such exclusion and outweigh the best interest of the public and the defendants in a speedy trial.  The cases are so unusual and complex due to the number of related defendants and charges, the nature of the prosecution, and the existence of novel questions of law that absent such an exclusion the ends of justice would not be served as to provide adequate preparation for pretrial proceedings and the trial itself.  **See**: 18 U.S.C. § 3161(7)(A) and (B)(ii).

Dated this 29th day of May, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge