IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:13CR00108 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **STATEMENT OF OBJECTIONS TO** |
| vs. | ) | **MAGISTRATE JUDGE'S FINDINGS** |
| | ) | **AND RECOMMENDATIONS** |
| KIRK COTTOM, | ) | |
| | ) | |
| Defendant. | ) | |

Comes now the Defendant, Kirk J. Cottom, by his court appointed counsel Joseph F. Gross, Jr., and pursuant to FRCrimP 59(b)(2) and NECrimR 59.2(a) files this Statement of Objections to Magistrate Judge's Findings and Recommendations (ecf 148) relying upon his previously filed briefs (ecf 141 and 146) and stating as follows:

1. That the Magistrate Judge's Findings and Recommendations merely expresses a blanket adoption of the Government's brief as to facts and conclusions of law, devoid of any legal or factual analysis or particularity, and therefore under Rules 59 and 59.2 is contrary to law.

2. That in the first paragraph of its Findings and Recommendations, the Court erroneously reports that "(T)he Defendants assert the Government's access (to a common internet website) was improper and any resulting evidence should be suppressed." Indeed, no Defendant (nor the Government), makes that claim and the court's finding is clearly erroneous. The claims relate to the Government's search of the defendants' computers in their homes.

3. That on page 3, the Court erroneously reports that "(T)he Defendants in their respective cases allege a violation of their Fourth Amendment rights resulting from the execution of a search warrant in the District of Nebraska[1] authorizing the use of a Network Investigative Technique (NIT) *which led to the monitoring of a computer website in Bellevue, Nebraska (Website A), during November and December 2012 (activating NIT warrant)."* Indeed, no Defendant (nor the Government) claims those facts. The search occurred in the computers in the homes of the defendants, not in the government controlled and operated website, and the court's finding is clearly erroneous.

4. On page 7, the Court's finding that "… it is clear notice (of the search conducted of Cottom's computer in his home on November 19, 2012) was to be delayed until the user of an activating computer was identified" is clearly erroneous and contrary to the language of the *warrant* and 18 U.S.C. § 3103a(b)(3) requiring notice within 30 days of the *execution* of the search.

5. On page 7, the Court erroneously reports that "(T)he affidavits and warrants were prepared… with the assistance of legal counsel at *various levels* of the Department of Justice." There was no testimony or any evidence proffered by "legal counsel of the Department of Justice" and no foundation for such a finding.

---

[1] Each of the three warrants was executed multiple times when the network investigative technique (NIT) was deployed to search the computer in a defendant's home. The searches occurred in various districts *outside* the District of Nebraska but issues relating to jurisdiction to authorize a search outside this district have not been raised. The search of Mr. Cottom's computer occurred in his home in Rochester, New York on November 19, 2012.

6. The Court's findings and conclusions fail to address or analyze important core and certain undisputed facts and legal issues raised by the motions to include:

   (a) the search violated the notice language of 18 U.S.C. 3103a(b)(3) requiring delayed notice be accomplished "within a reasonable period not to exceed 30 days after the date of its execution…";

   (b) the search violated the plain language of warrant that notice be given (to the party whose premises were searched, i.e. the homeowner) within 30 days of the search;

   (c) the conduct of law enforcement was intentional and part of a pattern affecting each party defendant necessitating suppression, *U. S. v. Freeman*, 897 F.2d 346 (8th Cir. 1990);

   (d) the conduct of law enforcement with respect to notice was directed by attorney(s) from the Department of Justice and, therefore good faith under *Leon* pertaining to conduct by law enforcement is not an issue nor is *Leon* an issue since the defendants do not challenge the probable cause for the issuance of the warrants;

   (e) the government's reliance on language within the *affidavits*, but not found in the *warrants*, for authority to execute a lawful Fourth Amendment search is baseless as a matter of law;

   (f) the language within the affidavit, *but not the warrants*, and relied upon by the magistrate judge "30 days from a date in the future when law enforcement decides it has enough evidence" is fundamentally flawed in

3

that it delegates an exclusive judicial oversight function established by 18 U.S.C. 3103a to ensure notice of the search within a date certain to a person whose privacy rights have been invaded, i.e. the homeowner. More specifically, delegation of that discretion to law enforcement violates the separation of powers doctrine.

(g) that timely notice under the Fourth Amendment of a search conducted within the home is a fundamental constitutional right and violation of that fundamental right mandates suppression.

7. On page 7, the Court's reference to "good faith," to the extent that it is an intended reference to <u>Leon</u> is clearly erroneous and contrary to law. Even the Government did not argue application of <u>Leon</u>.

8. On page 7, the Court's reference to "lack of prejudice" without the alternative analysis of "intentional conduct" under 8th Circuit law *U. S. v. Freeman*, 897 F.2d 346 (8th Cir. 1990) is clearly erroneous and contrary to law. Indeed, no party defendant even asserts prejudice as a basis for suppression.

                            KIRK COTTOM, Defendant

By: /s/ Joseph F. Gross, Jr.
      Joseph F. Gross, Jr., #14690
For: Timmermier, Gross & Prentiss
      8712 W. Dodge Rd., Ste. 401
      Omaha, NE 68114
      (402) 391-4600
      (402) 391-6221 (FAX)
      jfgross@tgplaw.com

## CERTIFICATE OF SERVICE

I, Joseph F. Gross, Jr., hereby certify that a copy of the foregoing Statement of Objections to Magistrate Judge's Findings and Recommendations was served on the parties on August 13, 2014 via the Court's ECF system:

Michael P. Norris
U.S. Attorney's Office – Omaha
Michael.norris@usdoj.gov

Keith A. Becker
U.S. Department of Justice
Child Exploitation Section
Keith.Becker@usdoj.gov

Sarah Chang
U.S. Department of Justice
sarah.chang@usdoj.gov

Julie A. Frank
jfrank1@cox.net

Stephen M. Misko
pennlawllc@gmail.com

I further certify that a copy of the foregoing Statement of Objections to Magistrate Judges Findings and Recommendations was served on the parties on August 13, 2014 via electronic mail:

Stuart Dornan
stu@dltlawyers.com

Jerry Hug
jmhug@cox.net

Joseph Howard
jhoward@dltlawyers.com

Mark Bubak
markb294@cox.net
bubaklaw@me.com

James J. Regan
jr@jreganlaw.com

Woody Bradford
wbradford@bradfordcoenen.com

Wesley S. Dodge
wesdodge@wesdodgelaw.com

Allan Sodomsky
snlaw@sodomskyandnigrini.com

John Rion
jrion@rionlaw.com

Glen Shapiro
sgnomercy@yahoo.com

Joshua Rydell
rydellj@gmail.com

Jerry Sodomsky
snlaw@sodomskyandnigrini.com

/s/ Joseph F. Gross, Jr.