IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 8:13CR00108 |
| Plaintiff, | ) | |
| | ) | BRIEF IN SUPPORT OF MOTION |
| vs. | ) | FOR *DAUBERT* HEARING AND FOR |
| | ) | THE EXCLUSION OF EXPERT |
| KIRK COTTOM, | ) | WITNESS TESTIMONY |
| | ) | |
| Defendant. | ) | |

STATEMENT OF THE CASE

The Defendant Kirk Cottom is before the Court on a superseding indictment charging that on November 19, 2012, he received and attempted to receive child pornography in violation of Title 18 U.S.C. §2252(a) (2) (Count I) and, by the same conduct on November 19, 2012 he knowingly accessed with intent to view child pornography in violation of Title 189 U.S.C. §2252(a) (5) (Count II).

STATEMENT OF FACTS

Pursuant to a search warrant authorized by U.S. Magistrate Judge F.A. Gossett on November 17, 2012 (8:12 mj 00359-FG3 Doc # 2), the FBI installed a Network Investigator Technique (NIT) on a government operated and controlled child pornography web site in Omaha, Nebraska. The return shows the NIT was installed on the TB2 website on November 18, 2012 at 7:00 p.m.

The design and purpose of the NIT was to defeat the anonymity of the TOR network, where the TB2 site was located, and to reveal the "true" IP address of the modem connected to the "accessing computer." Once the "true" IP (non-TOR IP

address) was recovered, the government used traditional investigative methods to include an administrative subpoena directed to the Internet Service Provider (ISP) to uncover the identity of the person using the "accessing computer."  It is that NIT identification that targets Mr. Cottom in the indictment.

Although Mr. Cottom is charged in Count I with receipt and attempted receipt, there is no evidence that Mr. Cottom made any effort to download an image on the TB2 site nor is there any image on his computer downloaded from TB2.  Neither is there any physical evidence that Mr. Cottom's computer connected to the TB2 site.  So, the evidence of identification rests entirely upon the reliability of any technology supporting the NIT and is at the core of the identification issue.

## LAW

In the recent Eighth Circuit opinion, _Johnson v. Mead Johnson & Company, LLC_, 754 F.3d 557 (2014), Judge Beam analyzed the application of _Daubert v. Merrell Dow Pharmaceuticals, Inc._, 509 U.S. 579 (1993), in the context medical expert opinions. More recently, in _Ledesma v. Brahmer_, 2014 WL 5307462 (D.Neb.), this Court considered a _Daubert_ motion over the admissibility of non-science based expert testimony. _Kumho Tire Co. v. Carmichael_, 526 U.S. 137 (1999).  In _Ladesma_, this Court noted factors to be considered in assessing the reliability of non-scientific based expert testimony:

- Whether the theory or technique can be and has been tested;

- Whether the theory or technique has been subjected to peer review and publication;

- The known or potential rate of error;

- Whether the theory has been generally accepted;

- Whether the expertise was developed for litigation or naturally flowed from the expert's research;

- Whether the proposed expert ruled out other alternative explanations; and,

- Whether the proposed expert sufficiently connected the proposed testimony with the facts of the case.

*Id*. 2014 WL 5307462, *5-6.

## ARGUMENT

The government intends to introduce evidence of identification based solely upon a technology that it did not develop nor has it used the technology in any prior investigation or proffered such evidence to any court. In doing so, it hopes to lend to the NIT-based identification, the credibility of the FBI and the federal government even though it did not develop the NIT technology and has not tested it under a scientific method. The NIT has not been the subject of peer review or publication, has no known rate or potential rate of error and cannot be said to be generally accepted in any scientific or technical community.

The case law that has developed from *Daubert* and *Kumho* is almost entirely civil and certainly that case law generally calls for the liberal admission of expert testimony.

"Cases are legion, that, correctly, under *Daubert*, call for the liberal admission of expert testimony." *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 564.

By contrast, in criminal cases there are few decisions guiding the admissibility under *Daubert* and *Kumho* especially where the federal government is, in effect, vouching for the validity of critical identity evidence. The Court should be especially vigilant not to allow the federal government to vouch for technical evidence of identification without a careful review of the foundation for the evidence.

KIRK COTTOM, Defendant

By: /s/ Joseph F. Gross, Jr.
     Joseph F. Gross, Jr., #14690
For: Timmermier, Gross & Prentiss
     8712 W. Dodge Rd., Ste. 401
     Omaha, NE 68114
     (402) 391-4600
     (402) 391-6221 (FAX)
     jfgross@tgplaw.com

**CERTIFICATE OF SERVICE**

I, Joseph F. Gross, Jr., hereby certify that a copy of the foregoing Motion For Hearing was served on the parties on December 1, 2014, via the Court's ECF system:

Michael P. Norris
U.S. Attorney's Office – Omaha
Michael.norris@usdoj.gov

Keith A. Becker
U.S. Department of Justice
Child Exploitation Section
Keith.Becker@usdoj.gov

Sarah Chang
U.S. Department of Justice
sarah.chang@usdoj.gov

Julie A. Frank
jfrank1@cox.net

Stephen M. Misko
pennlawllc@gmail.com

  I further certify that a copy of the foregoing Motion For Hearing was served on the parties on December 1, 2014, via electronic mail:

| | |
|---|---|
| Stuart Dornan<br>stu@dltlawyers.com | Jerry Hug<br>jmhug@cox.net |
| Joseph Howard<br>jhoward@dltlawyers.com | Mark Bubak<br>markb294@cox.net<br>bubaklaw@me.com |
| James J. Regan<br>jr@jreganlaw.com | Woody Bradford<br>wbradford@bradfordcoenen.com |
| Wesley S. Dodge<br>wesdodge@wesdodgelaw.com | Allan Sodomsky<br>snlaw@sodomskyandnigrini.com |
| John Rion<br>jrion@rionlaw.com | Glen Shapiro<br>sgnomercy@yahoo.com |
| Joshua Rydell<br>rydellj@gmail.com | Jerry Sodomsky<br>snlaw@sodomskyandnigrini.com |

             /s/ Joseph F. Gross, Jr.