IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:13CR108; 8:15CR239 |
|---|---|
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| KIRK COTTOM, | |
| Defendant. | |

This matter is before the Court on the defendant's motion to vacate under 28 U.S.C. § 2255. Filing No. 302 in 8:13CR108 and Filing No. 43 in 8:15CR239. The Court initially reviewed this case and ordered the government to file an answer addressing defendant's constitutional claims. Filing No. 303 in 8:13CR108 and Filing No. 44 in 8:15CR239. The government filed its answer. Filing No. 308 in 8:13CR108 and Filing No. 48 in 8:15CR239.

I. BACKGROUND

Cottom, along with numerous others, was indicted for child pornography offenses in the United States District Court for the District of Nebraska after an FBI investigation of child pornography web servers based in Bellevue, Nebraska. In March 2013, he was charged with receiving and attempting to receive child pornography (Count I) in violation of Title 18 U.S.C. § 2252A(a)(2) on November 19, 2012, and with knowingly accessing with the intent to view child pornography (Count II) in violation of Title 18 U.S.C. § 2252A(a)(5) on November 19, 2012. In April 2015, the defendant was also indicted in the Western District of New York on charges of receipt of child pornography (Count I) in violation of Title 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1), and possession of child pornography (Counts II–IV). That case was transferred to the District of Nebraska on July 31, 2015. *See* Case No. 8:15CR239.

This is a case involving the government's use of a Network Investigative Technique ("NIT") warrant to monitor and intercept internet traffic of child pornography. The defendant moved to suppress the evidence from the NIT search, alleging he was not provided notice. After an evidentiary hearing, the Magistrate Judge recommended that the Motion to Suppress be denied. Filing No. 148 in 8:13CR108, Findings and Recommendation at 7–8. Cottom objected to the Magistrate Judge's recommendation, but the Court overruled the objection and accepted the Magistrate Judge's Findings and Recommendations. Filing No. 155 in 8:13CR108.

Cottom entered a conditional plea of guilty to the charge of accessing with intent to view pornography (Count II) in 8:13CR108 and to the charge of receiving child pornography (Count I) in 8:15CR239, reserving his right to appeal the Court's suppression ruling. Cottom was sentenced to 72 months of imprisonment. He later moved to withdraw his guilty plea and the Court denied the motion.

Cottom appealed to the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit"). Opinion; *United States v. Cottom*, 679 F. App'x 518, 520 (8th Cir. 2017). On appeal, he challenged the government's delayed notice following the execution of the NIT warrant, but not the Magistrate Judge's authority to issue the warrant. *Id.* The Eighth Circuit affirmed the district court's judgment. *Id.*

In his brief in support of his § 2255 motion, the defendant describes the prosecutors as the "Keith Becker cabal" and refers to defense counsel as "shills." Filing No. 305 in 8:13CR108 and Filing No. 45 in 8:15CR239. The brief contains unsupported assertions that the prosecutor's "malicious prosecution scheme" was based on perjured testimony by special agents and expert witnesses before the grand jury.

Cottom alleges that Nebraska counsel Joseph Gross and Joseph Howard and New York counsel Steven Slawinski were ineffective in that each failed to communicate with and maintain loyalty to him, ignored his requests, and failed to investigate all avenues of defense. He further contends that Howard and Slawinski coerced him to enter into a plea agreement, and argues that had his counsel been effective, the result of the case would have been different. The government responds that counsel was not ineffective in failing to follow the defendant's requests because the requests were meritless; and it also argues that the defendant was not prejudiced by any alleged failures to communicate.

The defendant also alleges prosecutorial misconduct. He argues that he was indicted in New York as part of a scheme to acquire more evidence to prove the Nebraska charges. He further alleges misconduct in the prosecutor's loss of the source code of the NIT, which, Cottom contends, would have been favorable to the defendant.[1] He argues that the source code is material to his innocence or guilt and he is therefore prejudiced by the inability to obtain it. The defendant also argues that the prosecutor suborned perjury by witnesses. In response, the government argues that the defendant has failed to point to evidence that shows "that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose'" as required by *United States v. Armstrong*, 517 U.S. 456, 465 (1996) (quoting *Wayte v. United States*, 470 U.S. 598, 608 (1985).

---

[1] During discovery, Cottom sought the original source code that was used to create and deploy the NIT and the government conceded that the original source code was not preserved. Based on that concession, Cottom moved to exclude expert testimony under *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579 (1993) but this court denied the motion, finding, after a hearing, that the original source code was of little consequence to *Daubert* determination, was publicly available, and the compiled NIT code was contained in the servers involved in the investigation that had been preserved and made available to the defendants' experts. *See* Filing No. 25 in 8:15CR239, Memorandum and Order at 5-7. The Eighth Circuit affirmed that determination, as well as this Court's denial of a motion based on spoliation. *Cottom*, 679 F. App'x at 523.

Finally, the defendant argues that his Fourth Amendment right to be free from an unreasonable search and seizure was violated because the United States Magistrate Judge in the District of Nebraska did not have the authority to issue the warrant permitting use of an NIT. The government relies on this Court's decision in the case of another defendant charged in the same investigation for the proposition that the NIT warrant was properly authorized under Federal Rule of Criminal Procedure 41(b)(1)(4). *See United States v. Laurita*, No. 8:13CR107, 2016 WL 4179365 (D. Neb. Aug. 5, 2016). Also, it argues that suppression of the evidence, even if obtained unconstitutionally, is inappropriate in any event because the evidence falls within the *Leon* good faith exclusion.

II. DISCUSSION

    A.    Law

        1.    Ineffective Assistance

Ineffective assistance of counsel issues are appropriately raised in collateral proceedings. *United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003). "The right to counsel is a fundamental right of criminal defendants; it assures the fairness and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). The right to counsel includes the right to reasonably effective counsel. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

To prevail on an ineffective assistance of counsel claim, a petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Id.* at 688. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006).

4

When a claim of ineffective assistance of counsel involves a claim of attorney error during the course of a legal proceeding, such as that counsel failed to raise an objection at trial or to present an argument on appeal, a defendant "can demonstrate prejudice by showing 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (quoting *Roe v. Flores–Ortega*, 528 U.S. 470, 481 (2000). "[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee*, 137 S. Ct. at 1965 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "But, '[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.'" *Thompson v. United States*, 872 F.3d 560, 567 (8th Cir. 2017) (quoting *Lee*, 137 S. Ct. at 1967).

2. Prosecutorial Misconduct

Prosecutors have broad discretion to enforce criminal laws. *Armstrong*, 517 U.S. at 456. Prosecutorial discretion is a well-established facet of our criminal justice system. *United States v. Beede*, 974 F.2d 948, 952 (8th Cir. 1992) ("[P]rosecutors must remain free to exercise their prosecutorial discretion with respect to the charging decision."). A "'presumption of regularity supports' their prosecutorial decisions and, 'in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.'" *Armstrong*, 517 U.S. at 464 (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15 (1926)). "In the ordinary case, 'so long as the prosecutor has probable cause to

5

believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *Id.* (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)).

Of course, prosecutorial discretion is subject to constitution constraints. *Id.* (noting that one of these constraints is imposed by the equal protection component of the Fifth Amendment Due Process Clause). "[P]rosecutorial discretion has limits; it violates the Due Process Clause for a prosecutor to engage in vindictive prosecution—to punish a defendant for exercising her statutory or constitutional rights." *United States v. Goodwin*, 457 U.S. 368, 372 (1982); *see also United States v. Williams*, 793 F.3d 957, 963 (8th Cir. 2015).

Also, a guilty plea bars many claims, "including some 'antecedent constitutional violations' related to events (say, grand jury proceedings) that had 'occurred prior to the entry of the guilty plea.'" *Class v. United States*, 138 S. Ct. 798, 804–05 (2018) (quoting *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)). Such case-related constitutional defects can be cured through a new indictment by a properly selected grand jury. *See id.* Allegations of prosecutorial misconduct before the grand jury are subject to harmless error review. *See United States v. Mechanik*, 475 U.S. 66, 72–73 (1986). "Where the use of known perjury involves prosecutorial misconduct, it constitutes corruption of the truth-seeking function of the trial process." *Lindhorst v. United States*, 658 F.2d 598, 602 (8th Cir. 1981) (quotation omitted).

3. Fourth Amendment

The Eighth Circuit has held that a warrant issued in circumstances such as these is *void ab initio* and rises to the level of a constitutional infirmity. *United States v. Horton*, 863 F.3d 1041, 1051 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 1440 (2018). However, application of the good-faith exception announced in *United States v. Leon*, 468 U.S. 897 (1984),

6

operates in these circumstances to prevent suppression of the evidence seized pursuant to the warrant. *Id.* at 1051-52 (noting that the deterrence benefits of suppression must outweigh its heavy costs for exclusion to be appropriate). "Because Rule 41 has been updated to authorize warrants exactly like this one, there is no need to deter law enforcement from seeking similar warrants." *Id.* at 1052. The *Leon* exception to the exclusionary rule applies "as long as the circumstances do not demonstrate bad faith." *Id.* at 1051.

B. Analysis

The court first finds the defendant's ineffective assistance claims lack merit. Cottom has not shown that counsels' conduct fell below an objective level of reasonableness. Most importantly, he has not shown that he was prejudiced by any alleged ineffectiveness of counsel. The record shows the defendant willingly, voluntarily, and knowingly entered pleas of guilty to the charges.

Even assuming counsels' errors, Cottom has not demonstrated a reasonable probability that, but for those errors, he would not have pleaded guilty and would have insisted on going to trial. The Court must "look to contemporaneous evidence to substantiate" Cottom's assertion that he would not have entered a plea, and the evidence is substantially to the contrary. Cottom entered a conditional plea, preserving his right to challenge the Court's ruling on his motion to suppress. It is clear from the record that suppression of the evidence obtained via the NIT warrant provided the defendant with the only realistic chance of an acquittal or dismissal of charges. The conditional plea left that avenue open to the defendant. Absent suppression, the defendant had no plausible chance of acquittal at trial. In weighing his prospects, the plea agreement clearly offered him a better resolution than he would likely obtain through a trial.

7

Had Cottom not pled guilty and proceeded to trial, he would most likely have been convicted. Numerous others indicted as a result of the FBI's investigation of the child pornography web server in Bellevue, Nebraska, were either convicted of child pornography offenses after trial or entered guilty pleas to the charges. The Court is familiar with the government's evidence in these cases and finds the evidence against the defendants was substantial. Cottom fails to point to sufficient contemporaneous evidence to support his *post hoc* assertion that he would not have pleaded guilty absent his attorneys' allegedly erroneous advice. Without such evidence, his ineffective assistance of counsel claims must fail. The Court finds the defendant's ineffective assistance claims lack merit and his motion to vacate on that ground should be denied.

As to Cottom's claim of prosecutorial misconduct, he has not shown that the government's charging decision was inappropriate in any way. He has not demonstrated that the government's exercise of prosecutorial discretion was vindictive or discriminatory. Nor has he presented any evidence that the government's loss of the computer source code was purposeful or deliberate. Further, he presents nothing to challenge the Court's conclusion that the source code was not meaningfully relevant in any event.

The defendant's claim of prosecutorial misconduct in connection with perjured testimony also lacks merit. Assuming his claim is not barred by his guilty plea, the claim lacks specificity—he simply asserts that witnesses lied to the grand jury in some general and vague capacity. Those allegations are completely unsupported. The Court finds that defendant's claim of perjury to the grand jury is frivolous and the motion to vacate should therefore be denied on that ground. The Court finds the defendant's claim of prosecutorial misconduct lacks merit.

With respect to the defendant's Fourth Amendment claim, although the Magistrate Judge may have lacked authority to issue the warrant for a search in another district under Federal Rule of Criminal Procedure 41 as it was then written, the Court finds that the *Leon* good faith exception would have been applied and the evidence would not have been excluded. Cottom has neither argued nor shown that the agents executed the warrant in bad faith. He has not shown that the evidence seized pursuant to the warrant would have been excluded at trial or on appeal, so as to affect the outcome of the case. Accordingly, the Court finds Cottom's motion to vacate his conviction and sentence should be denied.

C. Certificate of Appealability

The defendant must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Moreover, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court finds the defendant's motion does not present questions of substance for appellate review and, therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, no certificate of appealability pursuant to 28 U.S.C. § 2253(c) will issue. Should the defendant wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States

Court of Appeals for the Eighth Circuit.  See *Tiedeman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).  Accordingly,

IT IS ORDERED:

1. The defendant's motion to vacate, Filing No. 302 in 8:13CR108 and Filing No. 43 in 8:15CR239, is denied.

2. No Certificate of Appealability will issue.

3. A separate judgment will be entered in accordance with this memorandum and order.

Dated this 31st day of August, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge